**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-00426-CJC(DFMx)            Date: April 12, 2016

Title: THERESA BROOKE V. NEWPORT HOTEL HOLDING LLC

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Melissa Kunig            N/A
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE**

       Plaintiff Theresa Brooke brings this action against Newport Hotel Holding LLC, a California Limited Liability Company *dba* Radisson Hotel Newport Beach, CA for violations of the of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102 *et seq.*; the California Unruh Civil Rights Act, Cal. Civil Code §§ 51–52; and the California Disabled Persons Act ("DPA"), Cal. Civil Code §§ 54–54.3. Plaintiff is a disabled woman confined to a wheelchair. (Dkt. 1 ["Compl."] ¶ 4.) Her complaint alleges that on February 8, 2016, she contacted Defendant's hotel to ask whether Defendant's hotel pool or Jacuzzi has a pool lift or other means of access for disabled persons. (Id. ¶ 24.) Defendant reported that neither its pool nor its Jacuzzi has a lift. (Id.) Plaintiff's "agent" subsequently visited Defendant's hotel and verified that the Jacuzzi and pool do not have lifts. (Id. ¶ 25.) Plaintiff alleges that she has frequented the Orange County, California area—where Defendant's hotel is located—in the past, and that she plans to do so again in the future. (Id. ¶ 29 (describing "several planned personal and business trips to the Orange County area in the coming months . . . in light of new business developments in which [Plaintiff] recently became involved").) If Defendant would only install a Jacuzzi lift and fix other defects with its property, Plaintiff says, she would lodge at Defendant's hotel in the future. (Id. ¶¶ 30–31; 34.)

       This case is one of a deluge Plaintiff and her counsel have filed in the Central District's Southern Division in the last six weeks—57, by the Court's count—all of which allege ADA violations based on hotel pools and Jacuzzis. Plaintiff, it appears,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 16-00426-CJC(DFMx)            Date: April 12, 2016
                                                                                                                                            Page 2

---

would like to stay at every single Orange County hotel that presently has an inaccessible pool.

      On April 12, 2016, the Court sua sponte dismissed six of Plaintiff's cases because she had not adequately Article III standing.[1] The Court cited to *Brooke v. Kalthia Grp. Hotels*, No. 15cv1873-GPC(KSC), 2015 WL 7302736 (S.D. Cal. Nov. 18, 2015), another case brought by Plaintiff against a hotel in the Southern District. The *Brooke* court explained that standing for an ADA claim requires "actual knowledge" of a defect, and that Plaintiff's allegations of an "agent" visiting the hotel and verifying defects did not qualify as actual knowledge. All Plaintiff alleges in this case, and the rest of her cases before this Court, is that an agent sent her pictures of alleged out-of-state ADA violations, and that she would like to proceed based on those pictures alone. Given the contrary holding of *Brooke*, the Court **ORDERS PLAINTIFF TO SHOW CAUSE** why this action should not be dismissed for lack of standing. Plaintiff's response is due by **April 18, 2016**. Should Defendant wish to file a response of its own, it should do so by **April 25, 2016**.

sr

MINUTES FORM 11
CIVIL-GEN                                                                                                                                   Initials of Deputy Clerk MKU

---

[1] *See* SACV 16-00347-CJC(KESx) (Apr. 12, 2016); SACV 16-00348-CJC(DFMx) (C.D. Cal. Apr. 12, 2016); SACV 16-00615-CJC(KESx) (C.D. Cal. Apr. 12, 2016); SACV 16-00620-CJC(DFMx) (C.D. Cal. Apr. 12, 2016); SACV 16-00621-CJC(KESx) (C.D. Cal. Apr. 12, 2016); SACV 16-00637-CJC(KESx) (C.D. Cal. Apr. 12, 2016).